IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAUL MCDONALD, | : | |
| Plaintiff | : | |
| v | : | Civil Action No. PJM-05-1965 |
| MICHAEL STAUFFER, | : | |
| B.K. HAWK, | | |
| T. MUNSON, | : | |
| H.C. IZARD, | | |
| D.B. MURRAY, | : | |
| T.T. HINCKLE, | | |
| and J. GROVE, | : | |
| Defendants | : | |

o0o

**MEMORANDUM**

The above-captioned civil rights case, filed July 19, 2005, seeks criminal charges against defendants for their alleged assault on plaintiff. Paper No. 1. Plaintiff claims that on November 6, 2004, defendants, who are correctional officers at Roxbury Correctional Institution, assaulted him and refused to provide him with medical care after the attack. *Id*. The sole relief sought is the criminal prosecution of each defendants for various crimes plaintiff claims each has committed.

A criminal case of the sort requested by plaintiff must be initiated by the appropriate prosecutorial state or federal authority. Criminal charges do not emanate from this court, rather they are initiated either by the United States Attorney General or the appropriate Maryland State's Attorney's Office. To the extent that the instant complaint seeks an order from this court requiring one or both of those offices to

initiate criminal charges, the relief requested is unavailable, because an alleged crime victim has no constitutional right to insist on criminal prosecution.  *Sattler v. Johnson*, 857 F.2d 224 (4th Cir.1988).

Ordinarily, plaintiff would be permitted an opportunity to amend his complaint to seek relief that is available in a civil action; however, plaintiff has filed a complaint regarding the same allegations raised herein which was dismissed on summary judgment.  *See McDonald v. Sowers, et al.*, Civil Action PJM-04-4035 (D. Md. 2004).[1]  To the extent that the instant complaint contains additional allegations against defendants not previously named in plaintiff's first civil action, he will be permitted an opportunity to show cause why those individuals were not included in the first complaint.  Plaintiff is forewarned that his failure to establish good cause will result in the dismissal of this complaint without further notice from this court.  A separate order follows.

                                                             /s/
                                          PETER J. MESSITTE
July 22, 2005                        UNITED STATES DISTRICT JUDGE

---

[1] Currently that case is on appeal.